IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TC HULETT, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-2387-TC-ADM |
| HANNAH FOSTER, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se plaintiff TC Hulett Jr.'s ("Hulett") Motion for Appointment of Counsel. (ECF 20.) Hulett filed this civil-rights complaint based on his detention at the Olathe, Kansas, law library. The court granted Hulett leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF 8.) For the reasons discussed below, the court denies Hulett's request for appointment of counsel without prejudice to be renewed, if at all, if and when Hulett's claims survive summary judgment and are prepared to proceed to trial.

In civil actions such as this one, there is no constitutional right to appointed counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). In deciding whether to appoint an attorney to represent an indigent party, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The court also considers whether the party has made a diligent effort to retain an attorney. *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

The fact that an attorney could assist in presenting the "strongest possible case" is not enough to justify appointing counsel because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). In addition, the court is mindful that § 1915(e)(1) provides no method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

The court does not find that appointment of counsel for Hulett is warranted, at least not at this time. Hulett does not state that he has attempted to retain an attorney on his own. Many attorneys in the area will accept civil-rights cases on a contingency-fee basis, i.e., without requiring the client to pay any fees or costs up front. The court suggests Hulett contact Kansas Legal Services (www.kansaslegalservices.org) for help in pursuing representation. In addition, Hulett has not demonstrated any reason why he would be unable to investigate the facts and present his claims to the court himself, particularly given the liberal standards governing *pro se* litigants. Although Hulett states that he is experiencing homelessness, he has been able to actively participate in his three cases pending in this court (as well as one case only recently dismissed) and has timely filed coherent documents in each case. Moreover, the factual and legal issues in this case do not appear to be complex. The court is confident that the district judge assigned to this case will have little trouble discerning the applicable law, as this case does not appear to present any atypical or complex legal issues. Finally, based on the limited factual allegations and claims presented in the complaint, the court is unable to find that Hulett's claims are particularly

meritorious. Although his claims have survived initial screening, the court cannot say they are more or less meritorious than other pro se claims that also survive screening.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. Hulett's motion for appointment of counsel therefore is denied. However, the court will deny the motion without prejudice to it being renewed if Hulett's claims survive summary judgment and proceed to trial. The court recognizes that its analysis of the factors relevant to the appointment of counsel may change as the case progresses. "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Hulett v. Park Place Condominiums Ass'n, Inc.,* No. 13-2626-CM, 2014 WL 494789, at *3 (D. Kan. Feb. 6, 2014). The court therefore leaves open the possibility that it might allow Hulett to renew his motion at a later procedural juncture.

**IT IS THEREFORE ORDERED** that Hulett's Motion to Appoint Counsel (ECF 20) is denied without prejudice.

**IT IS FURTHER ORDERED** that the Clerk's office mail a copy of this order to Hulett via regular mail.

**IT IS SO ORDERED.**

Dated December 13, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge